UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID ANTHONY RUZZANO,

Petitioner,

v.

CONSTANCE REESE,

Respondent.

Civil No. 01-1571 (DWF/SRN)

ORDER

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit toward his current federal prison sentence for time that he spent in a foreign prison before he was convicted. Petitioner claims that he is entitled to credit for 181 days that he spent in the Bastaire prison on the island of Guadalupe, because he was held there pursuant to an American arrest warrant related to the American criminal offenses for which he was later convicted and sentenced.

As far as the Court can tell, Respondent acknowledges that Petitioner is entitled to the 181-day sentence credit that he is seeking if he was, in fact, held in Guadalupe pursuant to an American arrest warrant, as opposed to local charges originating in the French Carribean. Respondent contends, however, that Petitioner is not entitled to the sentence credit at issue, because, according to his pre-sentence report, he was held in Guadalupe "pending investigation of local charges," and not because of any American attempt to prosecute him. Petitioner contends that this portion of his pre-sentence report is completely false. He claims that he was not held on any "local charges," but only because he was wanted by American authorities on the charges for which he was later convicted.

AUG 2 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Respondent has submitted a declaration, (Declaration of Steven Floit; [Docket No. 14]), which indicates that the United States Bureau of Prisons, ("BOP"), relies on the "Department of Justice, Office of International Affairs," ("OIA"), to provide information about foreign custody issues, such as the one presented in this case. According to the declaration, OIA has been asked to provide information about the reasons for Petitioner's confinement in Guadalupe, but the OIA has never responded to that request.

It appears to the Court that the OIA may have evidence that is critical to the resolution of Petitioner's sentence credit claim -- i.e., evidence showing why Petitioner was apprehended and incarcerated in Guadalupe in 1995. It further appears that the OIA is part of the same agency that is representing Respondent in this matter – namely the Justice Department. Therefore, Respondent's counsel will be directed to immediately obtain any evidence that the OIA may have that might shed light on the reasons for Petitioner's apprehension and confinement on the island of Guadalupe. Respondent's counsel shall furnish such evidence to the Court, in the form of a supplemental return, by no later than September 23, 2002. (The Court does not intend to extend that deadline.)

Respondent's supplemental return should also explain, in as much detail as possible, the evidentiary basis for the statements appearing in Petitioner's pre-sentence report, which indicate that Petitioner was held by French authorities in Guadalupe "pending investigation of local charges," and that those authorities "did not provisionally arrest him as requested by the United States." The supplemental return also should inform the Court of Petitioner's current whereabouts.

Respondent shall serve a copy of the supplemental return, and a copy of this order, on Petitioner. Petitioner will have until October 7, 2002, to file a response to the

supplemental return.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. On or before September 23, 2002, Respondent shall file a supplemental return that satisfies the requirements of this order; and Respondent shall serve a copy of the supplemental return, and a copy of this order, on Petitioner.

2. If Petitioner wants to file a response to the supplemental return, he shall do so by no later than October 7, 2002, and thereafter the parties shall await the further order of the Court.

Dated: August 26, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge