UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID ANTHONY RUZZANO,

Petitioner,

v.

CONSTANCE REESE, Warden,

Respondent.

Civil No. 01-1571 (DWF/SRN)

**REPORT AND RECOMMENDATION**

David Anthony Ruzzano, 11 W. Division Street, Apt. 808, Chicago, Illinois, 60610, Petitioner, pro se.[1]

Lisa A. Biersay, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge on the petition of federal prisoner David Anthony Ruzzano for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the United States Bureau of Prisons, ("BOP"), has erroneously failed to give him credit toward his prison sentence for certain time that he spent in custody before his federal criminal conviction. Respondent opposes the petition, contending that this action should be dismissed on the merits. The matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be denied, and that this action be dismissed with prejudice.

[1] Petitioner has not kept the Court apprised of his whereabouts, but according to Respondent, this is his last known address.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

In 1984, Petitioner was indicted by a grand jury in the Northern District of Illinois on sixteen federal criminal charges involving fraud and tax evasion. Before he could be brought to trial, however, Petitioner fled the country.

In 1986, Petitioner was located and apprehended in the Netherlands. He was held there for 43 days pursuant to an arrest warrant issued by the United States. The Dutch authorities released Petitioner on bond during the extradition process, and Petitioner then disappeared again. He continued to allude American authorities for the next nine years.

On or about October 25, 1995, Petitioner was apprehended once again, this time on the French Carribean Island of Saint Martin. According to Respondent, Petitioner was detained on "local charges" pertaining to his use of a false passport. Petitioner disputes that assertion, and contends that he was arrested and detained solely because of a United States arrest warrant. Both parties agree that Petitioner was held by French authorities on the Island of Guadeloupe for the next 181 days. He was then released from custody (on or about April 27, 1996), without the approval of American authorities.

In October 1998, Petitioner was taken into custody in Portugal. He was held there for several months while American authorities sought to have him extradited back to the United States. In July 1999, the extradition process was completed, and Petitioner was finally returned to the United States to face trial on the 1984 federal criminal indictment. Later that year, he entered into a plea agreement and was sentenced to ten years in federal prison. He was serving his sentence at the Federal Medical Center in Rochester,

Minnesota, when he commenced this action, but he was later released on parole.[2]

In his present application for habeas corpus relief, Petitioner contends that the BOP should have given him credit toward his federal prison sentence for the 43 days that he was held by Dutch authorities in 1986, and for the 181 days that he was held by French authorities on Guadeloupe in 1995 and 1996.[3] Sometime after Petitioner filed his current petition, he was given credit for his 43-day detention in the Netherlands. He has since acknowledged that credit, and confirmed that he now seeks sentence credit only for his 181-day detention on Guadeloupe. (Petitioner's Traverse, [Docket No. 15], p. 1.) For the reasons discussed below, the Court concludes that Petitioner is not entitled to a writ of habeas corpus on his one surviving sentence credit claim.

## II. DISCUSSION

Petitioner and Respondent agree that Petitioner is an "old law" inmate, which means that his sentence credit claim must be decided based on the laws in effect before the Sentencing Reform Act of 1984. The two parties further agree that Petitioner's claim is

---

[2] The Court has considered whether Petitioner's sentence credit claim has become moot by reason of his parole. If Petitioner's claim were valid, however, his sentence, and presumably his parole term, would fully expire sooner than presently scheduled. In addition, if Petitioner's parole should hereafter be revoked for any reason, he might then realize some benefit from a judgment awarding him the sentence credit he is seeking. For these reasons, the Court does not find Petitioner's sentence credit claim to be moot, even though he is not presently in prison. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) ("[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the... Parole Board within the meaning of the habeas corpus statute").

[3] The time that Petitioner was detained in Portugal before finally being extradited to the United States is not at issue here, because Petitioner was given credit for that period of detention at the time of his sentencing.

governed by the former ("old law") 18 U.S.C. § 3568, which requires the Attorney General to give a federal prisoner "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." Finally, both parties evidently agree (at least implicitly) that if Petitioner was detained on Guadeloupe pursuant to an American arrest warrant, then he is entitled to 181 days of additional sentence credit, (because that would be time spent in custody "in connection with" the offenses for which he was later convicted); but if he was detained on "local charges," then he is not entitled to any additional credit.

Because habeas corpus actions are civil proceedings, the petitioner normally has the burden of proving that he is entitled to the relief he is seeking. Harris v. Tahash, 353 F.2d 119, 123 (8th Cir. 1965). In this case then, Petitioner has the burden of establishing that his detention on the Island of Guadeloupe was based on the American criminal charges pending against him, rather than local charges. Respondent contends that Petitioner cannot satisfy that burden, and the Court agrees. Indeed, the record indicates quite clearly that Petitioner was detained on Guadeloupe on local charges, and not pursuant to an American arrest warrant.

Respondent has submitted a memorandum from the Justice Department's Office of International Affairs, ("OIA"), which states that Petitioner "was arrested in Saint Martin on October 25, 1995, on local charges related to his illegal entry into the country." (Government's Supplemental Return, [Docket No. 18], Attachment A.) Respondent has also submitted a fax transmission from the Justice Department's Office of the Legal Attache in Barbados, which shows that, as of December 6, 1995, (well after Petitioner had been taken into French custody), no arrest warrant had been served. (Id., Attachment C.) A

subsequent fax transmission from the same office shows that Petitioner was released from French custody on or about April 27, 1996, without prior notification to the American authorities. (Id., Attachment D.)

Based on the foregoing reports, Petitioner's pre-sentence investigation report, (prepared near the time of his sentencing), states that:

> "In 1995, [Petitioner] was located in the French Carribean on the island of St. Martin. On October 25, 1995, the United States requested France to effect a provisional arrest of [Petitioner] preliminary to extradition proceedings. The French authorities held [Petitioner] for approximately six months pending investigation of local charges; however, they did not provisionally arrest him as requested by the United States. In April 1996, [Petitioner] was released from French custody and his whereabouts became unknown."

(Declaration of Ernie Frie, [Docket No. 13], Attachment A, "Presentence Investigation (PSI) Report," p. 5.)

Petitioner contends that his pre-sentence report is simply wrong. He states that his detention on the Island of Guadeloupe "was the result of an arrest initiated by the United States government regarding US tax code violations [and] ... at no time was [he] arrested for now [sic] detained on any 'local charges' in the French Carribean...." (Affidavit of David Anthony Ruzzano, [Docket No. 16], p. 1, ¶ 3.)

There are several reasons why the Court accepts Respondent's explanation for Petitioner's detention on Guadeloupe, rather than Petitioner's. First and foremost, Respondent's explanation is simply more logical. If Petitioner was detained by reason of an American arrest warrant, it seems highly unlikely that the French authorities would have just released him without any American authorization, rather than extraditing him to the United States. It is far more believable that the French authorities released Petitioner, without American permission, because he was being held only on local charges.

Secondly, the documents submitted by Respondent -- especially those which apparently originated contemporaneously with Petitioner's detention in Guadeloupe -- tend to corroborate Respondent's position. Those documents show that although American authorities sought Petitioner's provisional arrest, the French authorities never complied with the American request. If that is so -- and Petitioner has offered no evidence to the contrary[4] -- then Petitioner's detention must have been based on local charges.

Finally, it is noteworthy that Petitioner, at the time of his sentencing, requested "credit for time served" for his pre-conviction detention in the Netherlands and Portugal, but not for his detention on Guadeloupe. (See Supplemental Return; [Docket No. 18], Attachment F, "Defendant's Position Paper For Sentencing," at p. 16.) This suggests, Respondent contends, that Petitioner knew he was not entitled to any credit for the time he was detained on Guadeloupe. Petitioner has not explained why he was silent about his Guadeloupe detention at the time of his sentencing, (see n. 4, supra), and the Court finds that such silence does indeed suggest that Petitioner knew he was not entitled to any sentence credit for his Guadeloupe detention, because it was not related to the offenses for which he was convicted.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Petitioner has not sustained his burden of proof in this action. More specifically, he has not shown that he was detained on Guadeloupe pursuant to an American arrest warrant, rather than local charges.

---

[4] Petitioner was invited to respond to the documents and arguments presented by Respondent's supplemental return, (see order dated August 26, 2002, [Docket No. 17]), but he has offered no rebuttal.

Because he has not shown that he was detained on Guadeloupe "in connection with" the offenses for which he was later convicted, he is not entitled to sentence credit for his detention there. The Court will therefore recommend that his petition for a writ of habeas corpus be denied.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: October 18, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.